Weight, J.
. The above statement gives the special findings of the court below; but eliminating all save that which is absolutely essential, the case is this:
Abraham J. Moore was the executor of Armstrong. One of the sureties on his executor’s bond was Jacob II. Moore. Abraham died owing the Armstrong estate the-sum in dispute, $2,221.73. Jacob H. Moore was then appointed administrator de bonis non, with will annexed. Jacob H. Moore charged himself with this $2,221.73 in the-inventory, as though it were money, or assets which had come into his hands, although he had not, in fact, received that sum of money, and it is therefore claimed that it should be credited back to him, or his estate, he being dead. This claim is resisted by the present administrator de bonis non of Armstrong, on the ground that Jacob was surety of Abrakam, the original executor, and this surety-ship made the debt which Abraham owed the Armstrong estate assets in Jacob’s hands, as administrator de bonis non,. *401 and he should therefore be charged with the amount, just as though he had received so much money.
In support of the claim thus made, counsel for plaintiff in error, Armstrong’s present administrator, urge that the principle is well settled, in Ohio, that an executor or administrator being indebted to the estate which he represents, the debt becomes extinguished, and the amount is-assets in his hands to be accounted for in the settlement of his account.
To maintain this proposition, reference is made to the statute [1 S. & 0. 578, sec. (65) LXVI] which provides “ The naming of any person executor in a will shall not operate as a discharge or bequest of any just claim which the testator had against such executor; but such claim shall be included among the credits and effects of the deceased, in the inventory, and the executor shall be liable for the same, as for so much money in his hands at the time such debt or demand becomes due; and he shall apply and distribute the same in the payment of debts and legacies,, and among the next of kin, as part of the personal estate of the deceased.”
Also the following authorities: Bigelow v. Bigelow, 4 Ohio, 138; Hall v. Pratt, 5 Ohio, 72; Collard’s Adm’r v. Donaldson; 17 Ohio, 264; Tracy v. Card, 2 Ohio St. 432.
As to the statute it will be observed it refers to a claim which the “ testator ” had against his executor, not to a claim which his estate might hereafter have at some time in the future. This claim is also to be included in the inventory, showing that it must have been a claim at the time the inventory was made, or at the death of the testator.
An examination of the Ohio cases cited shows that the claims therein in question were existing during the lifetime of the testator or intestate. Indeed, the very origin of the idea that the debt was assets in the hands of the administrator or executor shows that it must have been a claim of this kind.
The first sentence of the opinion in Bigelow v. Bigelow, *402 4 Ohio, 147, is : “ The first question made is whether the appointment of a debtor administrator extinguishes the ■debt, and, eo instanti, turns it into assets.” This shows that It must have been a debt existing during the lifetime of the intestate, for it is a debtor who is appointed administrator. ■Such was, in fact, the case.
The principle arose, in eai’ly cases, from the fact of a testator appointing his debtor his executor, and it was much mooted whether this was a discharge of the debt. Of ■course,' then, that debt must have existed during the lifetime of the testator. 2 Williams’ Executors, 1128.
In the case at bar, the debt of Abraham Moore was a ■debt to the estate of Armstrong. There was no debt during the lifetime of Armstrong. It arose after his death. It might, therefore, be sufficient to say that this is not that kind of a debt which becomes assets by the appointment •of the debtor administrator; for if the mere fact of the .appointment affects the conversion, there was no debt to •convert when the appointment was made.
Rut we do not put the case upon this ground.
If it be true that the appointment of debtor as administrator extinguishes the debt, and makes the amount assets in his hands, to be accounted for, it is for the reason that he absolutely owes the estate which he represents so much money, and he must account, accordingly, as though he had received money or specific goods and chattels of a certain value. He puts these items down in his inventory, and practically he makes himself debtor to the estate in that amount. The debt he himself owes, or did owe, to his intestate is precisely in the same category. The amount is precisely ascertained. It is admitted by him, and no dispute is raised or desired to be raised. His absolute and unconditional liability, therefore, is the foundation of the principle ássei'ted that the original debt is gone, and the Amount is in his hands to be accounted for,
Now, the counsel for Armstrong’s present administrator .asks : “ Roes the fact that the debt was not originally the ■debt of Jacob II. Moore, for which he was only collaterally *403 liable as surety, vary the principle?” We answer that it does. As before said, Abraham Moore owed the Armstrong estate, of which he was executor, this money. Jacob has never owed that estate. It is true he was Abraham’s •surety on his executor’s bond; but this is not an absolute liability. It is not an unconditional one. It is one that has never been established as a fixed fact by legal proceedings or in any other way. It is a liability contingent only. Eor all we know, if suit was brought against him on this “bond, he may have some good and valid defense to it. He may have paid it. It may be barred by the statute of limitations. It may be so defective in matter of form that no action can be maintained upon it. All these things a surety has a right to contest before his liability is fixed. He is entitled to his day in court, and without this it can not be assumed that he is a debtor, absolute and unconditional, or even a debtor at all. It can not be assumed that a conditional liability is always a debt.
An indorser of a promissory note is contingently liable, but, without demand and notice, he does not become a debtor. As, therefore, Jacob is not a debtor to Armstrong’s •estate until his liability on the bond is ascertained and fixed, the principle applicable to one who is a debtor is not applicable to him. If it were so applicable to him on account of his suretyship, it might be profitable to inquire what precise thing it is that becomes assets in his hands. Is it the particular debt of $2,221.73 ? That was a debt due the estate of Armstrong by Abraham Moore, by reason of the exercise of his executorship.
If it is not the particular debt, is it the bond ? There is nothing else but one of these two to become assets. The bond is $25,000. Does that whole amount become assets, thus extinguishing the bond and■ discharging its sureties? If so, such an application of legal principles is quite severe, both upon Jacob on the one hand in the matter of amount; upon the estate on the other, for that sureties possibly of value are released.
It is said in Collard v. Donaldson, 17 Ohio, 364, that the *404 reason of this rule or principle we are discussing is a fiction. We can see that in many cases where a debtor is appointed administrator there is no harm in considering the debt paid and in his hands for distribution, that is, as far as he is concerned. But, as regards the liabilities of 'others to the estate, a different rule may exist. The fiction will not extinguish a debt, so as to discharge good sureties, and leave to the estate a principal who may be worthless.
But it is said that the reason of the rule that when a. debtor becomes administrator, the debt is extinguished and becomes assets, is that the administrator, by accepting the trust, has destroyed the remedy by'action ; that he can not sue himself; that reason is said to be equally applicable here ; that when Jacob became administrator, he could not sue himself, and therefore the rule should apply. But the right of action is only suspended, and it is not such a suspension as converts the debt into assets.
In Rossman v. McFarland, 9 Ohio St. 369, the Bank of Hamilton assigned its effects to trustees. Among these effects was a note, one of the makers of which, McLeary, was one of the assignees. When suit was brought on this note, it was claimed in defense that McLeary, the assignee, could not sue McLeary, the maker, and therefore the note was assets. The court, in deciding the case, consider the authorities cited in the case now before us, Bigelow v. Bigelow, Hull v. Pratt, Collard v. Donaldson.
They say that in Bigelow v. Bigelow the debt was the sole debt of the administrator, and was assets, because he could not sue himself. But McLeary was not the sole debtor. While he could not sue himself and the other makers, he and his coTassignees could sue the other party to the note;. and the syllabus on that point is: “ There was no such suspension of a right of action upon the note in the hands of the assignees as authorizes the court to hold the note assets in the hands of the trustees, or either of them.”
' And the court say, citing Bradford v. Williams, 4 How. 576 : “ When two or more are bound jointly and severally, and one of them makes the obligee his executor, the obligee *405 may, notwithstanding, maintain an action against the other obligor.”
In the case at bar, when Jacob H. Moore became administrator of Armstrong, although the right of action against him on his bond might be suspended, still he could sue his co-obligors; and certainly such a suspension does not convert the debt into assets, with the necessary consequence of extinguishing the bond and releasing all the other sureties. Although, therefore, the appointment of a debtor as administrator may convert his debt into assets, we conclude that this principle does not apply to one who is not a debtor, but •only contingently liable to become so. "We are of opinion that the judgment of the Common Pleas should be affirmed.
There appears to be a slight discrepancy in the figures of the amount in controversy. In one part of the record it is ■stated to be $2,221.73, and in another $2,171.90. We have thought the first the correct sum. This, however, can ■easily be determined by counsel, the matter of principle being settled.
Judgment of the Court of Common Pleas affirmed.
Scott, Chief Judge, Day, Johnson, and Ashburn, JJv. eoncurred.