9 U.S. 351
 5 Cranch 351
 3 L.Ed. 123
 MOSS
v.
RIDDLE & CO.
 February Term, 1809
 
 ERROR to the circuit court for the district of Columbia, in an action of debt upon the joint bond of Welsh and Moss for the payment of money.
 Welsh, who was the principal debtor, not being found in, and not being an inhabitant of, the district of Columbia, the suit abated as to him.
 The defendant Moss, in his first plea, after protesting that he did not deliver to any person, unconditionally, as his act and deed, the writing in the declaration mentioned, averred that he signed and sealed the same, and delivered it to Joseph Riddle, one of the plaintiffs, as an escrow, to be his act and deed, on condition that the same should afterwards be signed, sealed and delivered by some other friend of Welsh, which was not done, and so the said writing is void as to him the said Moss.
 To this plea the plaintiffs demurred specially; 1st. Because a bond cannot be delivered to the obligee himself as an escrow; 2d. Because the plea does not state by what other friend of Welsh it was to have been executed; 3d. Because it did not state by whom the execution of the bond, by that other friend was to have been procured, leaving it uncertain whether the condition upon which it was to become the deed of Moss was to be performed by him, or by Riddle, or by Welsh; 4. Because the plea is repugnant, inconsistent and informal. The second plea, after protesting as in the first plea, avers, that Riddle came to the defendant and asked him whether Welsh had not applied to him, Moss, to be his security for a debt due to Riddle & Co.; to which Moss replied he had told Welsh he would not be security alone, but would join Welsh and some other friend of his as security for the debt, whereupon Riddle represented that the greatest confidence was placed in Welsh; that the partnership of Riddle & Co. was about to be dissolved; that Riddle would take care to keep that paper, if it was executed, in his dividend of the debts; that Welsh and Moss might sign the bond at that time, and some other person might sign it afterwards; that in regard to the debt he would look only to Welsh, and would also give Welsh a credit for goods, when he, Riddle, should open and commence business on his private and individual account. The plea further avers, that Moss being induced by that representation and promise, did sign, seal and deliver the writing, upon condition that some other friend of the said Welsh should also sign, seal and deliver the same, and not otherwise; which was never done. That Riddle did afterwards carry on trade and merchandise, on his own separate and individual account, but never afterwards credited Welsh with any goods or merchandise; 'and so the said writing made and executed as aforesaid is void as to him the said Robert Moss.'
 To this plea the plaintiff also demurred specially, for the causes stated in the first demurrer; and further, because the plea is multifarious, argumentative, and offers to put in issue a number of matters unconnected with the defence set up, and immaterial in themselves.
 The court below gave judgment for the plaintiffs upon both demurrers.
 Before the judgment was entered by the clerk, the defendant below prayed leave to amend his first plea, by striking out the words 'delivered to Joseph Riddle, one of the plaintiffs in this cause,' and inserting in lieu thereof the words 'placed in the hands of Joseph Riddle, one of the plaintiffs in this cause.' But the court refused leave to make the amendment. To which refusal the defendant excepted.
 Afterwards, and after the court had pronounced judgment in the cause, the defendant moved the court for leave to file an amended plea, which was in all respects like the 2d plea, except that it averred that Riddle stated it to be the rule of the plaintiffs to take specialties for their debts if they could be obtained, and that the bond was delivered to Riddle in the absence of the other plaintiff, and except also that the conclusion was as follows: 'and so the said defendant saith that the said writing, made and executed as aforesaid, was obtained by deception and fraud, as aforesaid, as to him the said Robert Moss, and, by reason of the said deception, is void as to him the said Robert Moss; and this he is ready to verify.' But the court refused to suffer the plea to be filed, being of opinion that it would be bad upon demurrer. To this refusal also the defendant took a bill of exceptions.
 C. Lee and Swann, for the plaintiff in error.
 The plea of escrow was good. An instrument may be delivered to one of the parties as an escrow. Pawling v. United States, in this court.
 It was not delivered to the plaintiffs, but to one of them only. It was not delivered absolutely, but upon condition that it should also be executed by another person also.
 The plea of fraud also was good. It is not necessary to aver fraud in a plea. If the facts themselves show fraud, it is sufficient. Any thing that avoids the deed may be pleaded; and the conclusion, 'and so the said writing is void,' is proper and sufficient. It is not necessary to say it is not his deed. 2 Wils. 352. Collins v. Blantern.
 E. J. Lee and Jones, contra.
 An instrument cannot be delivered as an escrow to a party who is to derive benefit under the deed. It must always be to a stranger. Shep. Tough. 55, 56, 57. Hob. 246. 3 Bac. Abr. 320. 694. Esp. N. P. 221.
 The 2d plea is not a plea of fraud. It is an attempt to set up as a discount or set-off against a bond, an unliquidated claim for damages for breach of a promise.
 The facts stated do not amount to fraud. Fraud consists in the intention, the quo animo, which is not averred in the plea; and fraud can never be presumed, especially if it be not averred. 1 Vent. 9. 210. 3 Bac. 320. 1 Fonb.
 March 13.
 MARSHALL, Ch. J. delivered the opinion of the court to the following effect:
 It is admitted by the counsel in this case, that a bond cannot be delivered to the obligee as an escrow. But it is contended that where there are several obligees constituting a copartnership, it may be delivered as an escrow to one of the firm. The court, however, is of opinion that a delivery to one is a delivery to all. It can never be necessary to the validity of a bond that all the obligees should be convened together at the delivery.
 Upon the other point the counsel for the plaintiff in error has insisted that the plea is sufficient.
 But the court thinks it so radically defective as to be bad even upon general demurrer.
 There is no allegation of fraud, and the circumstances pleaded do not, in themselves, amount to fraud.
 Fraud consists in intention, and that intention is a fact which ought to have been averred, for it is the gist of the plea, and would have been traversable.
 Upon what was the plaintiff below to take issue? Upon all the circumstances stated in the plea which are mere inducement, or upon the conclusion that 'the bond is void?' If he had traversed the inducement, the issue would have been immaterial: if he had traversed the conclusion, it would have been putting in issue to the jury matter of law.
 Judgment affirmed with costs.
 C. Lee suggested that there was also an exception to the refusal of the court to allow an amended plea to be filed, after the court had adjudged the pleas bad.
 But the Chief Justice said that the court had, in an early part of this term,* decided that such refusal was no error for which the judgment could be reversed.
 
 
 
 *
 See the case of Mandeville and Jamesson v. Wilson, at this term, ante, p. 15.