CASE 21—PETITION ORDINARY—DECEMBER 24.

# Hubble vs. Murphy.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. In an action on a note, the defendant pleaded that it contained $160 of usurious interest; the plaintiff replied, admitting that the note embraced $36 92 of usury. Upon the vague and unsatisfactory statement of a witness tending to show that there was no usury in the note, the plaintiff was allowed to file an amended reply, denying that it embraced any usury. This was erroneous and unauthorized by section 161 of the Civil Code.

2. That a surety executed a note on the payee's agreement to procure the signature of another name thereto, with which the payee failed to comply, is neither a valid defense nor counter claim. (1 Root, 87.; 5 Cranch, 351.)

M. DURHAM, for appellant, cited 10 B. M., 266; 1 Met., 58.

G. W. DUNLAP, on same side, cited Civil Code, sec. 142.

J. F. BELL, for appellee, cited 7 Bac. Abr., 244; 2 Bouv. Inst., 393; 5 Cranch, 351.

CHIEF JUSTICE BULLITT DELIVERED THE OPINION OF THE COURT:

Murphy obtained a judgment against Hubble, the surety of Lyon, upon a note for $1,023 50; which Hubble seeks to reverse.

Hubble pleaded that the note embraced about $160 of usu-

rious interest; and also pleaded, in substance, that he executed the note upon the promise, assurance, and agreement of the plaintiff, that he, the plaintiff, would also procure the signature of one Goode thereto; and that the plaintiff did not procure said signature as he agreed to do; wherefore, he says, said note is not binding on him, &c.

1. As to the usury. The note is for $1,023 53, payable twelve months after date. To the defendant's averment that it embraced about $160 of usury, the plaintiff replied that it was given in consideration of $930 lent to Lyon at ten per cent. interest, and that it embraces $36 92 of usury, and no more. During the trial the plaintiff was permitted to file an amended reply, denying that the note embraces any usury. There was no foundation for the motion to file said reply, except the statement of a witness, Lyon, that his "recollection is, that Murphy, the plaintiff, stated that, as guardian, he would not take but six *per cent.*, and he thinks that is all the interest that was put in the note."

Section 161 of the Code, concerning amendments during the progress of a trial, by conforming pleadings to the facts proved, does not confer upon parties a right to amend, as a matter of course. It confers upon the courts a power which should be exercised with judicial discretion. In our opinion, the vague and unsatisfactory statements of the witness, Lyon, furnished no sufficient foundation for the motion to amend the reply, in which the plaintiff positively admitted that the note embraced $36 92 of usury, and stated that it was given for $930, with 10 per cent. interest, which, if true, proves that it embraced said amount of usury.

2. In our opinion, the answer presents no defense to the residue of the demand.

This case stands upon a different footing from those in which a surety upon a note leaves it with the principal payor, to be delivered to the payee, when another signature shall be obtained. In such cases the principal is regarded as the agent of the surety for the delivery of the note. An agent, dealing with an innocent stranger, can bind his principal to the extent of the authority with which he has been apparently clothed.

A surety, who, by signing a note and leaving it with his principal, apparently authorizes him to deliver it to the payee, without other signatures, will not be permitted to defraud an innocent holder by showing the condition secretly imposed upon the principal. But a payee will not be permitted to defraud a surety by receiving a note from the principal with notice that he has no authority to deliver it. The cases of *Smith vs. Moberly* (10 *B. M.* 266), and *Jones vs. Shelbyville Ins. Co.* (1 *Met.*, 58), cited by appellant's counsel, rest upon these principles.

But in the case under consideration, the note, according to the statements of the answer, was delivered by the surety to the payee, upon the payee's agreeing to obtain the signature of another person thereto.

Whether or not the plaintiff's failure to obtain Goode's signature would have entitled the defendant to recover damages, upon a counter claim, with proper averments, we need not decide, because the defendant does not allege that he sustained any damage by reason of said failure. He pleads said failure merely as a defense to the action.

The only ground of defense which the answer can possibly be regarded as designed to present, is, either that the plaintiff agreed that the note should not be obligatory on the defendant unless Goode's signature should be procured, or that the note was delivered to the plaintiff on condition that it should not be obligatory on the defendant unless said signature should be procured. The answer, as copied in the record, does not expressly aver such an agreement or such a condition. But if such an agreement or condition could be implied from its statements, still it presents no defense; because such an agreement by parol, being contradictory of the writing, could not destroy its obligation; and such a condition would be void, because a note or bond cannot be delivered to the payee or obligor as an escrow. (*Badcock vs. Steadman,* 1 *Root,* 87; *Moss vs. Riddle,* 5 *Cranch,* 351.)

But for the failure to allow the defendant a credit for $36 92 on account of usury, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.