WILLIAM H. ROSS *vs.* URSULA L. WEBSTER.

Hartford Dist., March T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

The defendant was fraudulently induced by *B* to give a note to *M* for money loaned by *M* to her, which she allowed *B* to take. This note was assigned for a full consideration by *M* to the plaintiff. Afterwards the defendant gave the plaintiff a new note and mortgage in the place of the original note with accrued interest. At this time she knew of the fraud of *B* in inducing her to give the first note. In a suit upon the note she set up the fraud in defense. Held—

1. That the burden of proof of the fraud rested upon her.
2. That the fact that *B* had fraudulently induced her to give the first note, could not affect *M*, who acted in good faith in taking the note and paid a full consideration for it.
3. That "earnest solicitation" of *B* and the plaintiff that the defendant should give the new note in the place of the original one, could not affect the case in the absence of fraud on their part in soliciting it.

[Argued March 9th—decided April 7th, 1893.]

ACTION on two promissory notes executed by the defendant ; brought to the Superior Court in Hartford County, and tried to the court before *Prentice, J.* Facts found and judgment rendered for the plaintiff and appeal by the defendant. The case is fully stated in the opinion.

*C. Lounsbury,* for the appellant.

The important question in this case, upon the naked facts, and stripped of its disguises, is, whether a note, obtained from the maker by fraud, and purchased by a third party when overdue, is a good consideration for a new note, even though the defendant (and the plaintiff likewise) had knowledge of the fraud. A note obtained by fraud is void. Story on Promissory Notes, § 188; *Reynolds* v. *Bird,* 1 Root, 305 ; *Shepard* v. *Hall,* 1 Conn., 332. A void note cannot be used for any legal purpose. It is absolutely waste paper. If, in any case, such a note could be established by a waiver of the fraud, there was no such waiver in this case. A waiver is the intentional relinquishment of a known right. *Hoxie* v.

*Home Insurance Co.*, 32 Conn., 40. What are the facts? The plaintiff "at the urgent solicitation," as it is found, of Bean, (the very man who had defrauded her to get this note), joined with the defendant in earnestly soliciting the plaintiff to surrender this fraudulent note and take a new one in its place. Can it be presumed for a moment that the defendant, a woman, unaccustomed to business methods, anxious to have the incumbrance on her property removed, and just waking up to the fact that she had "fallen among thieves," urged thereto by the solicitation of the very man who had defrauded her, and who, she still fondly hoped, would find means of helping her out of her trouble, *intended* to relinquish any defense she might have against this note. Did she understand the extent of her rights in this matter and *intend* to surrender them to the very man whom she had warned beforehand against the purchase of this note? In *Callender* v. *Colegrove*, 17 Conn., 29, it was claimed that the fraud in a contract of sale was waived by giving sundry mortgages for the purchase money. But the court held that no waiver could be fairly inferred, since the proof was that the papers were executed either in ignorance of the facts or under the terrors of an attachment and the promises of the respondent to make all right.

*A. L. Shipman*, for the appellee.

ANDREWS, C. J. The defendant has appealed to this court from a judgment of the Superior Court and has assigned various reasons of appeal. An examination of the record shows that none of these can be sustained. The complaint describes two notes, each signed by the defendant and expressed to be for value received. They are averred to belong to the plaintiff and to be due and unpaid. The defense admitted the execution of the notes, but alleged that they were obtained from the defendant by fraud and conspiracy, and that they were without consideration.

The case finds upon this point as follows:—Prior to the 25th of April, 1889, the defendant had been induced by the

fraudulent practices of one H. L. Bean, to indorse certain notes, and to accept certain drafts drawn by him on her, for his accommodation, all of which at that date amounted to about the sum of $4,500. To raise the money to meet these obligations Bean induced the defendant to borrow that sum of one Chester C. Munroe, for which she gave her note to Munroe payable in six months from date and secured by a second mortgage on her place situated in the city of Hartford. The money so obtained was used by Bean with the knowledge and by the consent of the defendant to pay said obligations, and the amount was regarded by her as a loan from her to Bean. After that note became due Bean with the knowledge of the defendant solicited the plaintiff to purchase it of Munroe. The plaintiff did so, paying full value therefor, and the note and mortgage were assigned to him on the 7th day of November, 1889. A prior mortgage on the defendant's place was held by the Society for Savings. On the 2d day of January, 1890, the plaintiff paid to said society $260, interest on said prior mortgage, and also incurred some other expenses about the place to the amount of $10.00. On the 11th day of January, 1890, the defendant gave to the plaintiff in payment of said sums, her note for the sum of $270, payable to said Bean and by him indorsed. On the 26th day of April, 1890, the plaintiff, at the request of the defendant and of said Bean, surrendered to her said mortgage note for $4,500 and released the mortgage. In consideration therefor the defendant gave to the plaintiff her note for $4,776, that being the amount then due on the $4,500 note. These are the two notes for which this suit is brought.

The finding establishes that the defendant received full value for both notes; that Munroe was a *bonâ fide* holder of the $4,500 note while he owned it, and that the plaintiff paid full value for both notes and is the *bonâ fide* holder of them both; that neither the plaintiff nor said Munroe was guilty of, or had any knowledge of, any fraud whatever towards or misrepresentation to the defendant in respect to any of the transactions out of which the notes or either of them arose; and that no conspiracy to defraud the defendant existed be-

tween Bean, Munroe and the plaintiff, or any of them, or between any other persons with the knowledge of either the plaintiff or Munroe.

The finding does establish that Bean in his dealing with the defendant was guilty of fraud and misrepresentation to her, and that he deceived her for the purpose of obtaining money from her; and that the giving by her to Munroe of the $4,500 note and mortgage was one of the results of his fraudulent course towards her, from which he expected to profit by getting from her for his own use a portion of the avails. It also establishes that, for a long time before the note for $4,776 was given in renewal of the prior note of $4,500, the defendant had full knowledge of the fraud which she claimed had been practiced upon her to procure from her the prior note, and of the conspiracy to defraud her which she claimed had been entered into against her by the plaintiff, Munroe and Bean.

And finally, the finding declares that there was no fraud or misrepresentation of any kind attending the giving of the note in suit in renewal of or exchange for the $4,500 note, and that it was given by the defendant with full knowledge of all the facts relied upon by her to establish her defense of fraud, misrepresentation and conspiracy to defraud her.

There are six reasons of appeal namely: 1. That upon the defendant's answer as filed in the Superior Court the burden of proof of establishing the character of said notes was upon the plaintiff and not upon the defendant. 2. That the first or mortgage note having been obtained by the fraud of Bean and purchased by the plaintiff when overdue, was open to all defenses to which it would have been in the hands of Bean. 3. That being fraudulent in its inception it could not have formed a good consideration for a new note without other or further consideration. 4. That the substitution of a new note in place of the former one which was fraudulent, without consideration, is not a waver of the fraud. 5. If the substitute note was given at the earnest solicitation of both Bean and Ross with knowledge of the fraud, the earnest solicitation is itself a fraud which will invalidate the

new note.  6. Upon all the facts found by the court the judgment should have been for the defendant.

The first reason cannot be sustained : The answer admitted the execution of the notes, but alleged that they were obtained from the defendant by fraud.  This was new matter set up affirmatively by way of avoidance.  The burden of proving such matter is always on the party alleging it.  1 Greenleaf's Ev., § 24; Gould on Pleading, chap. 6, § 70.  Besides, fraud is never to be presumed, but must be proved.  *Huntington* v. *Clark*, 39 Conn., 557 ; *Dwight* v. *Brown*, 9 Conn., 91 ; *Crisp* v. *Pratt*, Cro. Charles, 550 ; *Chancellor of Oxford's Case*, 10 Coke, 56.

The second, third and fourth reasons cannot be sustained because they assume that the mortgage note given by the defendant to Munroe was tainted with fraud.  It is found directly that there was no fraud in this note.  Between the defendant and Munroe there was entire *bona fides*, and the defendant received the full value of the note from Munroe.  Bean was not a party to the note, and although he may have practiced fraud on the defendant that fraud does not affect the note ; nor can it affect the note in suit.

The fifth reason sets up not a question of law but a question of fact.  There is no law that makes " earnest solicitation " a fraud unless there is something else with it.  *Moss* v. *Riddle*, 5 Cranch, 351.  The sixth reason is nothing, and must be disregarded.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.