CASE 72—ACTION TO RECOVER ON A BOND—MAY 22.

# Hudspeth's Adm'r. v. Tyler & Others.

APPEAL FROM THE FULTON CIRCUIT COURT.

JUDGMENT FOR THE DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

BONDS—RELEASE OF SURETY—BREACH OF AGREEMENT TO PRODUCE OTHER SURETIES—EVIDENCE.

Held: 1. While a surety is not released by the failure of the obligee to comply with his parol agreement, made when the bond was delivered, to procure the names of certain other sureties, he may recover such damages as he has sustained by a breach of the agreement.

2. On an issue as to whether a bond was executed by a surety on condition that the agent of the obligee should procure the names of other sureties, evidence showing the relations of the parties and the circumstances under which the bond was executed is admissible to enable the jury to determine the reasonableness of the conflicting statements as to what occurred.

3. Testimony as to statements of a witness out of court which were inconsistent with his testimony was admissible to impeach his testimony, but for no other purpose.

D. G. PARK FOR APPELLANT.

1. The facts alleged in the pleadings do not constitute any defense. 2 Am. & Eng. Ency. of Law (2d Ed.), 337 and 339; Wright v. Shelby. R .R. Co., 16 B. Monroe, 4, 5, and 6; Hubble v. Murphy, 1 Duvall, 278, 280; Murphy v. Hubble, 2 Duvall, 247, 248; Garvin & Co. v. Mobley, 1 Bush, 48-53; Gaar v. Louisville Banking Co., 11 Bush, 188; Ordinary of N. Y. v. Thatcher, 32 Am. Rep., 225, 235; Miller v. Fletcher, 12 Vroom, (N. Y.), 403, s. c.; 21 Am. Rep., 356, 364; Hunt v. Ford, 27 Gratt, 403, s. c.; 41 L. R. A., 823; Clark on Contracts, 73-78; Beech on Contracts, vol. 1, sec. 8, page 14; 5 Cranch, 351, Map v. Riddle.

2. The special findings in the case do not sustain the judgment.

3. The special findings and judgment not sustained by the evidence.

4. Plaintiff's motion for a judgment, notwithstanding the special findings should have been sustained.

5. Incompetent evidence was admitted and competent evidence excluded.

6. In any event judgment should have been rendered against appellees for the debt, less the contributable share of those who failed to sign. 83 Am. St. Rep., 555, 6 note; Williams v. Luther, 17 Ky. Law Rep., 312; Blewitt v. Booram, 40 Am. St. Rep., 605-6; Tyler v. Cate, 29 Oregon, 515; 11 Am. & Eng. Enc., (2d ed.), 337, 339.

JOHN W. RAY for appellant.

1. An obligation to pay money or save a party harmless; a bond delivered to an agent or attorney of the obligee can not be an escrow. Such delivery is absolute, regardless of any verbal condition not therein expressed. Mudd, &c., v. Green, 12 S. W. Rep., 139; Wood v. Kendall, 7 J. J. Mar., 216; Hubble v. Murphy, 1 Duv.; 280; Millett v. Parker, 2 Met., 608; Wright v. Shelby. R. R. Co., 16 B. M., 4; Hurt v. Ford, 142 Mo., 283; Duncan v. Pope, 47 Ga., 445; Plank Road v. Stevens 10 Ind., 401; Dearsdorf v. Forisman, 24 Ind., 481; 11 Am. & Eng. Ency., 2d ed., 330; Ordinary v. Thatcher, 12 Vroom, N. J., 408;, 45 Fed. Rep., 332; Devlin on Deeds, 2d ed., par. 316; Randolph Com. Paper, par. 227; Garvin v. Mobley, 1 Bush, 48; Gaar v. Banking Co., 11 Bush, 180; Flournoy v. Three Forks Bank, decided Sept., 1899, 52 S. W., 847; 45 L. R. A., 346; 41 L. R. A., 824; 38 U. S. B., 698.

J. C. FLOURNOY and ROBERTSON & THOMAS, Attorneys for appellee.

1. It is contended by the plaintiffs that the defendant's testimony, if true, does not offer any defense for the reason that it shows a delivery of the writing to him as agent for Hudspeth, and he relies on the rule laid down in some cases that there can not be an escrow where the writing is delivered to the principal or obligee; and whilst there are many cases that seem to support this rule, the best considered cases show that it is not applicable to such a state of facts as exist here.

2. The old rigid rule went on the principle that parol evidence could not be received to contradict or vary the terms of a written contract. The best considered cases have abandoned the idea that proof that there was no legal delivery contradicted the terms of the contract.

3. This writing bears upon its face an ambiguity which parol evidence alone could explain. Flagg v. Mann, 2d Sum. U. S.; Deitz v. Farish, 53 Howard N. Y., 217; Pym v. Campbell, 6 El. & B.,

Hudspeth's Adm'r. v. Tyler *et als.*

370; Bowker v. Burdekin, 11 Mees & W., 123; Gudgen v. Besset, 6 El. & B., 986; Blewell v. Boorum, 142 N. Y., 357; Bivens ѵ. Helsey, 4 Met., 78; Garvin v. Mobley, 1 Bush, 48; Smith v. Mobley, 10 B. Mon., 266; James v. Shelbyville, &c., Ins. Co., 1 Met., 88; Hall v. Smith, 14 Bush, 604; Williams v. Luther, 17 Ky. Law Rep., 312.

Opinion of the court by JUDGE HOBSON—Reversing.

Appellant, as administrator of J. W. Hudspeth, filed this action to recover of appellees on a bond executed by them to his intestate. For defense to the action they pleaded that they were only sureties on the bond, and signed it upon the condition or agreement that four other parties named in the answer were to sign it before they were to become bound, and that this agreement was made with D. G. Park, the attorney of the intestate, to whom they executed the bond, and that it was left with him in order that he might procure the signatures of the other four parties to it. The proof on the trial was conflicting as to the alleged agreement. It showed that the bond, as originally drawn, contained only the name of appellee H. A. Tyler as surety, and that it was interlined by adding the words "and others" after his name. Park testified that he agreed to take H. A. Tyler as the sole surety in the bond, and prepared it for this purpose; that Tyler, after signing it, brought it to him and asked if he would object to having some more names on it; that he assented to this, and thereupon interlined the words "and others," and Tyler took it to get other signatures to it, and afterwards returned it to him with the names of the other appellees to it. Three of the appellees, on the contrary, testified that it was agreed originally that all the directors of the bank would sign the bond, and that it was understood with Park that none of them were to be bound unless all signed

it.  Four of the directors of the bank did not sign it, and appellees rely on this fact to release them from liability.

As Park was acting for Hudspeth in the transaction, the delivery of the bond to Park was a delivery to Hudspeth.   The question is, therefore, whether appellees can show that they delivered the bond to the obligee on the understanding that it was not to be binding until four others signed it.   This precise question was presented to this court in Hubble v. Murphy, 1 Duv. 278, where this court said:  "Whether or not the plaintiff's failure to obtain Goode's signature would have entitled the defendant to recover damages upon a counter-claim, with proper averments, we need not decide, because the defendant does not allege that he sustained any damage by reason of said failure.   He pleads said failure merely as a defense to the action.   The only ground of defense which the answer can possibly be regarded as designed to present is either that the plaintiff agreed that the note should not be obligatory on the defendant unless Goode's signature should be procured, or that the note was delivered to the plaintiff on condition that it should not be obligatory on the defendant unless said signature should be procured.   The answer, as copied in the record, does not expressly aver such an agreement or such a condition.   But, if such an agreement or condition could be implied from its statements, still it presents no defense, because such an agreement by parol, being contradictory of the writing, could not destroy its obligation; and such a condition would be void, because a note or bond can not be delivered to the payee or obligee as an escrow.   Badcock v. Steadman, 1 Root, 87; Moss v. Riddle, 5 Cranch, 351, 3 L. Ed. 123."   It is conceded in the opinion that a different rule applies where the surety signs the

obligation and delivers it to the principal on the condition
that he is to procure other names to it, and, in violation
of the authority thus conferred on him, with the knowl
edge of the obligee, delivers the obligation without pro-
curing the other signatures; but that kind of case is dis-
tinguished from the one before the court.   This decision
followed the rule laid down by this court in Wood v.
Kendall, 7 J. J. Marsh. 212, and Wight v. Railroad Co.,
16 B. Mon. 4.   The same case was again before this court
in Murphy v. Hubble, 2 Duv. 247, where the previous rul-
ing that the failure of the obligee in the note to procure
the name of Goode as a co-surety with Hubble did not
release the latter, but that, Hubble was entitled to dam-
ages on his counterclaim for the breach of the obligee's
agreement to have Goode sign the note, was approved.
The court said: "But although it has been decided in
numerous cases, and in this case when formerly here, that
the obligatory effect of a note or bond can not be destroy-
ed, nor impaired by a contemporaneous parol agreement
between obligor and obligee relating to and purporting
to restrain its obligation, and that such note or bond de-
livered by the obligor to the obligee can not be made an es-
crow by a parol agreement between them, made at the
time of delivery, that it shall not be obligatory unless
some specified act be done by the obligee, it does not fol-
low that such agreement, and especially if it comprise an
undertaking by the obligee to procure another surety,
must, because it is ineffectual for certain purposes, and
even for that for which it appears to have been primarily
designed, therefore be deemed utterly invalid and ineffect-
ual for all purposes.   The law will not enforce such an
agreement for the attainment of its direct and immediate
or expressed object of changing the terms or legal effect

Hudspeth's Adm'r. v. Tyler *et als.*

of a written instrument which is the act and deed of the party who seeks enforcement, or of defeating the legal effect of the delivery by which, according to law, it has become his act and deed. The agreement, therefore, can not be specifically enforced upon or against the instrument to which it relates, and which remains obligatory, notwithstanding the agreement. But, although to this extent unenforceable, it is not prohibited by law. It is not illegal, but merely insufficient in its form to operate coercively in the particular manner designated; and the obligee in the bond might observe and give effect to it without any violation of law or public policy. If such agreement be founded upon a legal and sufficent consideration, —for instance, if it be made as the inducement to one of the parties to become bound to the other as surety for his debtor (a third person) in a new obligation, whereby his responsibility is created or prolonged, and if actual damage accrue to the party thus induced, in consequence of the failure of the creditor to perform his part of the agreement, by procuring the additional surety,—we do not perceive, nor admit, that the incompetency of the agreement to impair the force of the instrument executed by the surety should deprive him of all remedy for redress of the injury he sustains by the nonperformance of the obligee's undertaking, by the performance of which the responsibility upon the note would have been divided between the two, and his own loss would have been reduced one-half." The same rule was followed in Garr v. Banking Co., 11 Bush, 188, and none of the subsequent cases conflict with it.

While there is some conflict of authority in other States on the subject, the preponderance is in favor of the rule above stated; and, were it otherwise, we would not now

feel at liberty to overrule decisions of this court after so long a lapse of time and after they have so often been approved. It follows, therefore, that the agreement with Park, if he made one, to procure the names of the other four directors to the bond, could not have the effect to release the signers of the bond from liability, and that they are liable on the bond notwithstanding Park's failure to procure the other four names to be signed to it. If Park made such an agreement, appellees may, by proper averment, under the cases above referred to, recover by way of counterclaim of appellant such damages as they thereby sustained; but the answer as presented is not sufficient for this purpose. The evidence for appellees tended to show that they understood all the directors of the bank were to sign the bond, but with whom they had this understanding is not so clear. As to what was said by any of them to Park, or by him to them, the evidence is rather vague, and we are by no means satisfied from it that he undertook or agreed to procure the signatures of the other four directors to the bond. The bond, on its face, shows that Park drew it on the idea that H. A. Tyler was to be the only surety in it. It was signed and delivered to Park about night, when it would appear that some of the directors had left. He lived in another county, and went home on the train soon afterwards, and it is hard to see how he could have been expected to look up the other four directors and procure their signatures to the paper. He only represented Hudspeth, and, while the signers to the bond were interested in getting as many names to it as they could, there is nothing in the circumstances to impose this duty on Park, or to make it probable that he should have undertaken it. If he did not agree or undertake to procure the names of the other four directors to the bond, there can

be no recovery on the counterclaim. The court should have admitted the evidence offered by appellant tending to show that Hudspeth was not situated like other directors, and explaining the circumstances under which the bond was given; for this evidence made Park's testimony more reasonable, and it was proper to place the jury or court in the light of the circumstances of the parties at the time, for they would thus be better able to judge of the motives actuating them, and determine the value of their conflicting statements as to what occurred. The proposed testimony as to the statements of the witness R. T. Tyler out of court should have been admitted, for the reason that these statements were essentially inconsistent with his testimony on the trial, and, while this evidence was not substantive proof of the facts referred to, it was competent to contradict his testimony. Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.