## Rohrman, et al v. Bonser.

(Decided February 11, 1914.)

.Appeal from Jefferson Circuit Court (Common Pleas Branch, No. 3),

1. Corporations—Representation for Purpose of Inducing Stockholders to Become Surety.—A representation by one holding a claim against a corporation that the claim was long past due, when in fact it was not, to induce officers or stockholders in the corporation to become bound as sureties for the claim cannot operate to relieve those signing as such sureties.

2. Bills and Notes—Agreement by Holder of Note to Procure Surety—Recovery.—An agreement by the holder of a note when delivered to him by the surety that he would procure the signature of another to the instrument does not impair the obligatory force of the note nor bar the holder's right to recover thereon: yet where the surety by way of counter-claim asserts

as against the holder damages by reason of his failure to comply with his agreement he has a valid counterclaim for such damages.

O'NEAL & O'NEAL and TYLER BARNETT for appellants.

HENRY J. TILFORD for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

In April, 1911, appellee Bonser had an open account against the Globe Furniture Company; appellants Rohrman and Tross were officers of and stockholders in that company.

On the 12th of April, 1911, the Globe Furniture Company, together with appellees Rohrman and Tross, sureties, executed to Bonser five notes in the settlement of his claim against the Globe Furniture Company, the amount of the claim being divided into five equal parts, and the notes made payable thirty days apart with a provision in the face thereof that upon the failure to pay any one of the notes at maturity they should all become due.

The notes due in June and July, 1911, were not paid, and on the 2nd day of August, 1911, this action was instituted to recover judgment upon the four unpaid notes.

In their answer and amended answers it is alleged in substance by appellants that their signatures to the notes in question were procured by fraud and misrepresentation in the following manner, to-wit:

That one Herbert, the agent of the plaintiff, fraudulently represented to them that the claim against the Globe Furniture Company was long past due, and that unless same was immediately paid or secured that suit would be filed thereon; and that H. E. Bills, another officer of and stockholder in the Globe Furniture Company, had agreed to sign the notes jointly with the defendants if they each would; that these representations by plaintiff's agents were false, and that defendants relying upon the same executed the notes as sureties of the Globe Furniture Company; that the representation of Bonser's agent that the claim against the Globe Furniture Company was past due was false, and in fact the same was not then due and did not become due until August, 1911; that the representation that Bills had agreed to sign said notes as joint surety with the defendants was false, and that said Bills had previously refused to do so and there-

after refused; that the notes were not to be delivered until the same had been executed by said Bills, and, therefore, there was no valid delivery of them.

The answer as amended is made a counterclaim against defendant, and it is alleged that at the time of the execution of the notes and filing of the answer Bills was amply solvent and financially able to meet his proportion of the obligation.

The only questions presented are whether or not the allegations of the answer presented (1) such a defense as relieved the sureties from their obligation on the notes, and (2) whether they represented such a state of case as authorized a recovery on the counterclaim against the plaintiff.

Clearly the allegation that it was represented by Bonser's agent that the claim against the Globe Furniture Company was long past due when in fact it was not, can not operate to release the sureties; they could by their own voluntary act bind themselves as sureties as well as for a debt that was not due as for one that was due.

Giving a liberal interpretation to the allegations of the answer as amended, it may be fairly said to aver that there was an agreement between the defendants and the agent of Bonser by which there was to be no delivery of the notes and defendants were not to be bound thereon until Bills also signed as surety, and the remaining question is whether that would relieve the defendants from liability on the notes.

Whether the failure upon the part of the payee in a note or obligation to comply with his agreement made with a surety to secure the names of other obligors to the instrument at the time of its delivery to him by those who had already signed it, has been a fruitful source of litigation, and we are not without ample authority in this State on that question.

The case of Hubble v. Murphy, 1 Duvall, 279, was where the holder of a note sued a surety of an insolvent principal, and the surety pleaded as a defense that when the note was delivered to the obligee that it was agreed that the note should not be obligatory upon the defendant until or unless the signature of one Goode should also be procured thereto. In discussing whether that answer presented a good defense the court said:

"But in the case under consideration, the note, according .to the statements of the answer, was delivered by the surety to the payee, upon the payee's agreeing to obtain the signature of another person thereto.

Whether or not the plaintiff's failure to obtain Goode's signature would have entitled the defendant to recover damages, upon a counterclaim, with proper averments, we need not decide, because the defendant does not allege that he sustained any damage by reason of said failure. He pleads said failure merely as a defense to the action. *  *  *

"The answer, as copied in the record does not expressly aver such an agreement or such a condition. But if such an agreement or condition could be implied from its statement, still it presents no defense; because such an agreement by parol, being contradictory of the writing, could not destroy its obligation; and such a condition would be void, because a note or bond cannot be delivered to the payee or obligor as an *escrow.*"

Upon the second appeal of that same case (2nd. Duvall, 247) the doctrine laid down in the first appeal was reiterated and amplified; and it was further held on the second appeal that although such an agreement by the holder of the note when delivered to him by the surety would not impair the obligatory force of the note nor bar the holder's right to recover thereon, yet the surety had a valid counterclaim as against the holder of the note for damages by reason of his failure to comply with his agreement. See also Garr v. Louisville Banking Company, 11 Bush, 188, and Hudspeth's Admr. v. Tyler, 108 Ky., 520.

From the rule laid down in those cases it is apparent that the note in this case having been delivered to the agent of the obligee which was a delivery to the obligee, his agreement to procure the signature of another surety did not impair the obligation upon the sureties who had signed, but that their allegation of a breach of an alleged agreement by the obligee to secure the signature of another solvent surety gave them a valid counterclaim for damages if he failed to do so.

The judgment is reversed, with directions to overrule the demurrers to the extent indicated, and for further proceedings consistent herewith.