# Gwinn Brothers & Co. v. Peoples General Store et al.

(Decided Sept. 28, 1937.)

814

J. B. CLARKE for appellant.

A. J. MAY and EDWARD L. ALLEN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

This is an appeal from a judgment dismissing appellant's petition in an action to recover of Virgie and Willie Wallen for a violation of the Bulk Sales Act (Ky. Sts. sec. 2651a-1 et seq.).

The facts are: Appellant, Gwinn Brothers & Co., is a West Virginia corporation engaged in the wholesale flour, grain, and feed business. The Peoples General Store was a corporation engaged in the mercantile business at Garrett, Floyd county. In addition to selling dry goods, notions, and other articles, it conducted a feed business in a side room or warehouse adjoining the main building. When indebted to appellant and others, it sold its entire feed business to Virgie Wallen, who thereafter conducted the business in the same storeroom until it was destroyed by fire.

It is conceded that Virgie Wallen, the purchaser, did not comply with the Bulk Sales Act, but insisted that the transaction was not one falling within the purview of the Act. The statute applies to any sale or transfer of the whole, or a large part, of any stock of goods, wares, or merchandise of any kind, or fixtures, or stock and fixtures, in bulk by auction or otherwise than in the ordinary course of trade, and in the regular and usual prosecution of the seller's business. Section 2651a-5, Kentucky Statutes. Though it is true that the owner of the Peoples General Store testified that the trade with Mrs. Wallen was made in the regular course of business, his opinion of the matter is not controlling. The Peoples General Store was not doing a wholesale, but a retail, business. It did not sell feed to Mrs. Wallen for consumption by her. On the contrary it sold to her its entire stock of feed, and the feed business itself, accompanied by the promise of the owner that he would not go back into the feed business. Clearly this was a sale in bulk of a large part of the merchandise, and the sale was not made in the ordinary course of trade, and

in the regular and usual prosecution of the seller's business.

Shortly after the purchase by Mrs. Wallen the Peoples General Store made an assignment for the benefit of its creditors. Appellant filed its claim with the trustee and was paid the sum of $536.52, its share of the proceeds of a fire insurance policy carried by the Peoples General Store. Thereafter appellant wrote the Peoples General Store requesting payment of their past due account, and mentioned the fact that a check dated March 13, 1931, for $800 had been protested. Clearly these acts did not show such acquiescence in the sale as precludes appellant from relying on the statute. It did nothing calculated to mislead the purchaser to her prejudice. It merely collected from the Peoples General Store as far as it could, and then sought to collect the balance from the purchaser, which it had the clear right to do. The course thus pursued was not hurtful, but helpful, to the purchaser.

Another contention is that judgment should not go against the purchaser, except for $860, the sum paid for the stock of feed, subject to a credit of $536.52 received from the Peoples General Store. Manifestly that is not the proper method of calculation. The purchaser's liability is "the fair value of all the property so bought or sold," and it is conceded that the fair value of the stock of feed is the purchase price of $860. The uncontradicted evidence shows that appellant's original claim was $1204, with interest, and that the amount due appellant after crediting it with the $536.52 received from the Peoples General Store is $683.15, with interest from April 10, 1931. As this sum is less than $860, it and not the difference between the $860 and the credit of $536.52 received from the Peoples General Store is the purchaser's liability, and judgment should go for that amount.

As the evidence shows that Virgie Wallen was the sole purchaser, she alone is liable.

Wherefore, the judgment is affirmed as to Willie Wallen, and reversed as to Virgie Wallen, and cause remanded, with directions to enter judgment in conformity with this opinion.