## St. Matthews Motor Co. v. Schnepp et al.

March 9, 1948.

Eugene Hubbard, Judge.

Wade & Mapother for appellant.
Wilbur O. Fields for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Saint Matthews Motor Company, appellant, sued Ben Schnepp and others, appellees, for $754.38 as the amount due for repairs on certain taxicabs. Upon trial, a verdict was directed for appellees and judgment was entered dismissing the suit.

The company appeals.

It is now contended that the trial court committed reversible error in directing a verdict for appellees.

The company, during April, 1945, repaired some taxicabs, then owned by one Elsie Holmes but mortgaged by her to others. Elsie, on May 15, 1945, sold her equity in nine of the thirteen cabs of her fleet to appellees, afterwards disposed of the remaining four cabs through other channels, then faded out of the taxi business entirely. Even though the company, in the present suit, has obtained a full judgment against Elsie under directed verdict, yet such judgment probably does not have the sound respectability of collectability.

After doing these repairs, the company never did assert any repair lien under the provisions of KRS 376.270, the motor vehicle service law, but rather it attempted, within statutory period, to impose a legal liability against these appellee purchasers under the provisions of KRS 377.050, the bulk sales law. In other words, the company has taken the position that appellees are liable for this repair bill because they bought these cabs without a fulfillment of the provisions of the bulk sales law by any one concerned.

We face the simple legal question as to whether the bulk sales law applies equally to taxicabs or tomatoes, for instance, equally to motor operators or merchants.

The bulk sales law does not say that it pertains to taxicabs but only to "any stock of goods, wares or merchandise of any kind or fixtures in bulk." KRS 377.-010. But the motor vehicle service law, on the other hand, does say that the latter pertains to "motor vehicles." KRS 376.270. Therefore, it appears that the lawmakers provided the one law, bulk sales law, to hem the dishonest merchant and provided the other law, motor vehicle service law, to hem the dishonest car owner.

It would also appear that these appellees, as innocent purchasers, presumably scanned the public records for any repair liens outstanding against these cabs and having found none, they then presumably parted with their money in fullest confidence that no repairmen had any claims whatever against Elsie's cabs. And since this court had never before applied the bulk sales law to taxicabs nor extended that law beyond the field of merchandising the result of making such an application or extension at present would be that of thrusting an unjustified hardship upon these appellees, that of settling a sharp shock upon their preconceived notions of existing law.

Under common law, a property owner had a recognized right to alienate his property without restraint. Accordingly, a statute, such as the bulk sales law, in derogation of that common law right of property alienation, should be strictly construed rather than extended beyond its plain and patent meaning as written upon its face. See 24 Am. Jur. 352.

In construing similar bulk sales statutes in some of our other states, the different courts have, in most instances, refused to extend the coverage of those statutes unto such items as a hotel's furniture, fixtures and automobile, a tradesman's lunch wagon, a saloon keeper's fixtures, a poolroom operator's equipment, a livery stable operator's chattels. In other words, the general tendency has been to confine the bulk sales law to the ordinary merchant and his usual merchandise. See 7 A. L. R. 1587.

In view of all the considerations, as set forth above, we do not feel that provisions of our bulk sales law can be now extended so as to include taxicabs nor be presently interpreted so as to include cab operators. We believe that this is in keeping with legislative intent and with the general trend of judicial opinion and with the existing equity of our present case. We are fortified with a sure knowledge that this company's case did not present a wrong without a remedy. Instead, it only presented a wrong unto which the regular, legal, recognized remedy was never seasonably applied.

Wherefore, the judgment is affirmed.