# Time Finance Co. v. Nelson et ux.

February 14, 1950.

Joe L. Price, Judge.

Terrell, Schultzman & Moore for appellant.

Chas. A. Williams for appellees.

MORRIS, COMMISSIONER—Reversing.

Appellant sought to recover of appellees, Nelson and wife, $300 which they had borrowed of appellant. Defendants filed a special demurrer to the petition setting out that Nelson had filed bankruptcy proceedings and had turned over all his assets to the Bankruptcy Court, and that the matter was in process of administration.

The court did not pass on the demurrer at that time. Plaintiff then amended its petition alleging that the Bankruptcy Court had adjudged the petitioner a bankrupt and granted a discharge from all debts, excepting such liabilities as arose from loans obtained by false representations. Section 35, Title 11 U. S. C. A. Bankruptcy It was then plead that on the day the loan was made, defendants for the purpose of obtaining the loan had made a statement in writing setting out debts and liabilities on that date, stating that the total of their liabilities was $478.40. It is alleged that the statement was material and false in that at the time their debts amounted to $1258.54.

Plaintiff alleged that it relied upon the false representation, which induced it to make the loan. Defendants then, without waiving special demurrer, filed general demurrer. Plaintiff then filed a second amendment reducing its indebtedness by $19.18 which it had received through the bankruptcy court. In this state of the pleadings the cause was submitted on the general demurrer to the petition and amendments. The court sustained and plaintiff declined to plead further; the court dismissed the petition and plaintiff moves for appeal and seeks reversal.

The court did not indicate upon what ground he sustained the demurrer, but from briefs filed it appears that the court was of the opinion that plaintiff was estopped or barred from prosecuting its action in the state court, because it had failed to raise objection to the discharge in the bankruptcy proceedings. The briefs pre-

sent two questions: First, it is contended by appellant that there is no sufficient plea upon which to base estoppel. The second is whether a creditor having notice of a debtor's proceeding in bankruptcy, and failing to object to the proceeding, is barred from maintaining an action for the debt in a state court on the ground that the money or property was obtained from the creditor by false representation.

The contention that there was not sufficient pleading of estoppel, or bar because of waiver, is not of merit. The general rule is that where facts upon which the defense of estoppel or bar may be predicated are shown in the pleadings, the question may be presented and determined upon demurrer. Goodloe v. Anderson, 275 Ky. 460, 121 S. W. 2d 958; Sloan v. Upchurch, 268 Ky. 454, 105 S. W. 2d 160. It is not necessary to discuss the pleadings or their effect further, since the main question here is whether or not a creditor with or without notice of the proceeding in bankruptcy may go into the state court for the purpose of seeking recovery of money when the loan was obtained by false representations.

Section 35, Title 11 U. S. C. A. Bankruptcy, provides "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations." Appellee correctly says in brief that in construing the above statute much confusion has arisen, perhaps from dictum appearing in the many decisions. In Personal Finance Co. v. Hadden, 6 Cir., 142 F. 2d 896, 897, the company had filed proof of claim against the bankrupt which was allowed. Appellant then asked the court to adjudge his claim non-dischargeable on the ground that the loan had been fraudulently obtained by making a false financial statement. The referee decided that it was not incumbent upon the bankruptcy court to take jurisdiction. The district court upheld the referee, but the circuit court of appeals held that while the bankruptcy court had jurisdiction to prevent a bankrupt from relieving himself of the advantages of his discharge, exceptional circumstances must be presented before the court will exercise jurisdiction. In the course of the opinion the court said that the creditor has two remedies to pursue, "(He) might have objected to the bankrupt's discharge

before it was granted * * * or, it might have .brought suit * * * in an appropriate Kentucky court with an opportunity to the bankrupt to plead the discharge as a bar to the action. See In re Devereaux, 2 Cir., 76 F. 2d 522.''

In Hisey v. Lewis-Gale Hospital, D. C., 27 F. Supp. 20, 26, in referring to such debts as are not released under the statute, the court said: ''It seems settled that a general discharge does not prevent a creditor from thereafter enforcing the liability if he can show the debt was of a non-dischargeable class. In such case, a creditor may refrain from raising in the bankruptcy court any question about the dischargeability of his debt and may sue on it in another court which will then determine whether it was dischargeable.'' See also Devereaux v. Belsey, 296 U. S. 589, 56 S. Ct. 100, 80 L. Ed. 416.

In Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718, the Supreme Court held that the filing of a claim in bankruptcy based on a contract and participation in the distribution of proceeds arising from a composition with creditors, did not bar the prosecution of an action for deceit in obtaining money or property by misrepresentation. The exemption from the operation of a discharge in bankruptcy made by the Bankruptcy Act does not rest upon the theory of the exclusion of the creditors from the provisions of the Bankruptcy Act, or of the deprivation of the right to participate inthe distribution, but solely on the ground that although such rights are enjoyed an exemption from the effect of the act is superadded. Discharge in bankruptcy does not bar an action for deceit in view of the distincion which the act makes between the general discharge and the right of the particular creditor to be exempted from the operation and effect of the discharge. 6 Am. Jur., Bankruptcy, sections 502-504.

Appellee contends correctly 'that the action on the ground of deceit constitutes one of tort, but argues that the pleading of plaintiff does not properly present such an action. While it is true that the prayer does not ask for damages in so many words, the amended petition does fairly set out an action for false representation, an action sounding in tort. The damages, if recoverable, would be the amount lost by failure to pay the note. Nor is the failure of the plaintiff ''to show that it had the

right to rely on the representation" fatal. It is alleged that it did make the loan on reliance of the written financial statement.

The contention, that the trial court was without jurisdiction because the amount involved was or is only $16, is not of merit. There was no objection raised below on that ground by special demurrer or answer. The pleadings do not show that the amount sought to be recovered was less than $300, subject to the credit set out in the second amended petition.

We are of the opinion that the court was in error in sustaining the demurrer to the petition as amended. The judgment is reversed with directions to overrule the demurrer, and for such further proceedings as may appear to be proper.

Judgment reversed.