**MONTGOMERY v. KOCH et al.**

**MONTGOMERY v. VON ALLMEN BROS., Inc.**

Court of Appeals of Kentucky.
June 20, 1952.

As Modified on Denial of Rehearing
Oct. 10, 1952.

Smith and Smith, Louisville, for appellant.

Dodd & Dodd, Louisville, for appellees.

LATIMER, Justice.

This consolidated appeal is from judgments in favor of appellees in the sums of $494.10 and $242.60, respectively.

Appellees filed separate but substantially identical suits against Carl Conners, Mrs. Glenn Conners, and appellant, Mrs. Harriette Montgomery. We shall incorporate herein one of the petitions:

"Plaintiffs, Anthony J. Koch and A. G. Brudy, state that they are partners trading and doing business as Babe Koch Meat Market.

"Plaintiffs further state that heretofore the defendants, Carl Conners and Mrs. Glenn Conners, were partners trading and doing business as the Conners Home, located at 973 South 4th Street, and that prior to July 26, 1950, at the instance and request of the said defendants, Carl Conners and Mrs. Glenn Conners, they sold and delivered to them merchandise having a reasonable market value of $494.10, which sum the said defendants agreed and promised to pay, but that no part of same has been paid.

"Plaintiffs further state that heretofore and on or about the 26th of July,

1950, the said defendants sold and conveyed the said business known as the Conners Home, and located at 973 South 4th Street, to Mrs. Harriett Montgomery for a purchase price of $5,500.00, $2,000.00 of which was payable in cash and the balance payable in monthly installments.

"Plaintiffs further state that the said sale covered the sale in bulk of all merchandise and of all fixtures owned by the said Carl Conners and Mrs. Glenn Conners and used in connection with the said business and that before paying to the vendor or his agent any part of the purchase price the said Mrs. Harriett Montgomery did not demand or receive of the said Carl Conners and Mrs. Glenn Conners a written verified statement of all creditors of the said vendors, nor was any notice of the said sale given to this plaintiff, and that by reason thereof the said purchaser, pursuant to the provisions of Sec. 377.050 K.R.S., became and is now liable for the reasonable market value of the property so bought and sold and that the reasonable market value of the property so sold at the time of the sale was $5,500.

"Wherefore, plaintiff prays judgment against the defendants, Carl Conners, Mrs. Glenn Conners and Mrs. Harriett Montgomery, jointly and severally, in the sum of $494.10, together with interest thereon at the rate of six per cent (6%) per annum from July 26, 1950 until paid; prays for its costs herein expended and for all relief to which it may appear entitled."

■ The Conners made no defense whatsoever and Mrs. Montgomery only filed general demurrer to each petition, which was overruled. Declining to plead further a default judgment was entered against her in each case. The question presented here, therefore, is whether or not the pleadings support the judgments.

Appellant contends that the allegations of the petitions are insufficient and fail to comply with the terms of the Bulk Sales Act, upon which appellees' suits are based.

Appellant submits two reasons why the petitions are faulty: (1) the Bulk Sales Act applies only to merchandising businesses and the petitions did not allege what type of business was here involved, and (2) the petitions prayed for a personal judgment against appellant, whereas, it is contended, the Bulk Sales Act does not so authorize.

■ These suits are based on a purely statutory cause of action. St. Matthews Motor Co. v. Schnepp, 306 Ky. 823, 209 S. W.2d 481. Where a cause of action is purely statutory, the language of the statute, or other words conveying the same meaning, must be used, otherwise the pleading will be defective. Burkart v. City of Newport, 265 Ky. 796, 97 S.W.2d 803. In 71 C.J.S., Pleading, § 86, page 203, it is stated:

"No recovery can be had under a statute unless plaintiff alleges exactly those facts which the statute names as the basis for the right conferred, but only such facts as the statute itself sets forth as the circumstances under which an action may be maintained need be alleged. * * *

"In pleading a statutory cause of action great certainty is required, but no greater certainty is required than is found in the statute itself."

To determine the sufficiency of these petitions it becomes necessary to examine the pertinent provisions of the Kentucky Bulk Sales Act.

KRS 377.020:

"Any person who bargains for or purchases any stock of goods, wares or merchandise of any kind or fixtures in bulk for cash or on credit, before paying to the vendor or his agent any part of the purchase price or delivering any promissory note or other evidence of indebtedness therefor, and any auctioneer or agent who sells for another any such goods or fixtures in bulk, before offering them for sale, shall demand and receive from the vendor or his agent, a written verified statement of all the creditors of the vendor together with their addresses and the

amount of the indebtedness due and to become due to each of the creditors, and an accurate inventory of the stock or fixtures to be purchased or sold, and the vendor or his agent shall furnish such verified statement."

KRS 377.030 requires the purchaser to give notice of the sale to each listed creditor of the vendor.

KRS 377.040 requires the purchaser to apply the purchase money to the payment of the creditors of the vendor.

■ We shall now look at the allegations of the petitions in the light of the statutory provisions above. The statute relates to "any person who bargains for or purchases any stock of goods, wares or merchandise of any kind or fixtures in bulk". The petitions allege that the appellant purchased in bulk all the merchandise and all the fixtures of the business. Since the facts alleged in the petitions are substantially the same as those set out in the statute as the basis of the action, the petitions are not insufficient in this respect. We are not saying that the appellant could not have by answer injected her contention into the action. This, however, she failed to do.

Regarding appellant's second contention, that the Bulk Sales Act does not authorize a personal judgment against the purchaser, the general rule is set forth in Williston on Sales, Sec. 643 c, the pertinent part of which is:

"It is, however, the property or its proceeds that is the debtor, not the purchaser of the goods, though if the purchaser has disposed of the goods or mingled them indistinguishably with other goods a creditor has been allowed a personal action against him for the value of the goods. And under a few statutes the purchaser is expressly made personally liable, so that a creditor has an alternative remedy, but liability is limited to a proportionate share of the purchase price or of the value of the goods."

■ Under our statute a purchaser is expressly made personally liable to the creditor. KRS 377.050 provides that:

"* * * the purchaser * * * shall be liable to the creditors of the vendor for the fair value of the property so bought or sold."

In Gwinn Bros. & Co. v. Peoples General Store, 269 Ky. 813, 108 S.W.2d 1001, we held the purchaser would be personally liable to the creditors under Kentucky Stat. § 2651a–3, which had substantially the same wording as the part of KRS 377.-050 quoted above. There is no merit in this contention.

■ Appellant, in brief, alleges various facts which do not appear in the record. Matters not disclosed by the record cannot be considered on appeal. Pezzarossi v. Collins, 228 Ky. 51, 14 S.W.2d 165; O'Mara v. Town of Mt. Vernon, 299 Ky. 401, 185 S.W.2d 675. The pleadings are the only matters appearing in the record.

Since the petitions sufficiently stated a cause of action within the provisions of KRS 377.010 et seq., the demurrers were properly overruled.

The judgment is affirmed.