LEEDS, INC., APPELLANT, v. LOVE, APPELLEE.

(No. 8263—Decided May 27, 1957.)

*Mr. Morris J. Leher,* for appellant.
*Mr. A. J. Brueneman,* for appellee.

MATTHEWS, J. This is an appeal by the plaintiff from a judgment in its favor for $14.68. The plaintiff's petition sets

forth a cause of action for deceit, based on fraudulent representations by the defendant as to his financial condition, upon which the plaintiff relied to its damage in the sum of $103.67.

To this petition, the defendant filed an answer in which he denies that he had made any false statements, that he was insolvent at the time, as alleged by the plaintiff, and that he had any intent to deceive the plaintiff.

We learn from the bill of exceptions that the defendant admitted that on February 12, 1955, he bought a pair of shoes for $14.68 on credit and, at the time, signed a statement which showed he was solvent in that his assets listed therein exceeded the liabilities which he listed, but that he did not list a debt of $650. The plaintiff's credit manager testified that she relied on the defendant's financial statement and extended credit to him which she would not have done had she known the true situation.

The defendant was indebted at the time upon a note previously given for merchandise upon which there was an overdue balance of $128.50. When this credit of $14.68 was extended on February 12, 1955, in reliance upon the false representations of the defendant, the existing note was cancelled, the entire debt consolidated, a new note executed providing for payments of $4 per month, and, at the same time, the plaintiff cancelled the old note by writing across its face the word, ''cancelled,'' and the date, with plaintiff's signature below.

It appears that during the trial it was developed in some way that the defendant had been discharged in bankruptcy after executing this note of February 12, 1955, and the court took the case under advisement and later handed down an opinion limiting the plaintiff's recovery to the amount due for the merchandise and disallowing recovery for the balance due on the old debt. Judgment was rendered in accordance with the court's opinion, and this appeal by the plaintiff is from that judgment.

The rules of practice of the Municipal Court require that an answer shall contain, in addition to denials, ''a concise statement of new matter constituting a defense * * * in such manner as to reasonably inform the plaintiff of the defense.''

Notwithstanding this rule and the absence of any discharge

in bankruptcy, shown by the evidence, the court limited the recovery to the purchase price of the merchandise delivered at the time of the false representation. This was error, because the action violated the rule of practice and for the further reason that the defendant by failing to plead the discharge in bankruptcy waived it as a defense. This waiver by failure to plead seems to be recognized generally. In 8 Corpus Juris Secundum, 1578, Bankruptcy, Section 584, it is said:

"A discharge in bankruptcy, being a good defense to a dischargeable claim, may be pleaded in defense to an action thereon, and when properly pleaded the discharge constitutes a prima facie defense. The discharge, however, does not automatically relieve the bankrupt from liability, and in order for it to be available it must be pleaded properly and seasonably.

"Since a discharge in bankruptcy is a defense personal to the debtor * * * the right to plead the same may be lost or waived * * *. Accordingly, if the debtor fails to interpose his discharge as a defense before judgment, he is bound by the judgment * * *.

"* * *

"The mode or manner in which the discharge must be pleaded depends ordinarily on the practice of the particular jurisdiction.

"Being a plea in bar * * * the defense of a discharge in bankruptcy must ordinarily be raised affirmatively by a special plea or answer * * *."

This rule applies to dischargeable debts, and recovery thereon will be awarded in the absence of a plea of discharge in bankruptcy. It remains to be considered whether that part of the indebtedness represented by the old debt was infected by the fraud perpetrated at the time of its discharge so that recovery therefor could be obtained notwithstanding the discharge. In other words, was the entire obligation a nondischargeable debt.

Section 35, Title 11, U. S. Code, "Bankruptcy," provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * are liabilities for obtaining money or property by false pretenses or false representations."

Are the obtaining of the cancellation of an overdue note and an extension of credit in the form of a new note, payable at a future date, as a part of a transaction whereby additional credit is obtained for merchandise the obtaining of property for the entire debt represented by the new note, or must the effect of the deceit be limited to the tangible property obtained at the time?

In the A. L. R. annotation to the case of *Time Finance Co.* v. *Nelson,* 312 Ky., 255, 227 S. W. (2d), 189, 17 A. L. R. (2d), 1204, 1210, it is said:

"It may also be noted in passing that a bankrupt's fraud which results in the renewal of an existing loan and the lending of additional money affects, for purposes of Section 35, the entire sum loaned and not merely the increase of the original loan; in such a case, it has been said that the transaction in which the fraudulent statement is made extinguishes the bankrupt's original debt and creates a new obligation of a greater amount, despite the fact that the bankrupt, at the time of the false representations, receives in cash only the difference between the original loan and the total amount of money loaned."

In support of the text, *Personal Finance Co.* v. *Snyder,* 131 N. J. Law, 597, 37 A. (2d), 822, is cited. An examination of that case discloses that its facts are identical with the facts of the case at bar.

See, also, *In Re Dunfee,* 219 N. Y., 188, 114 N. E., 52.

Accordingly, we hold that the entire amount of the new note was a nondischargeable debt.

There is but one form of action in Ohio. Whether the instant cause is phrased in deceit or contract is immaterial.

For these reasons, the judgment is modified so as to increase the amount to correspond to the plaintiff's prayer and, as so modified, is affirmed.

*Judgment modified and, as modified, affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.